Elizabeth F. Rojas
15260 Ventura Blvd.
Suite 710
Sherman Oaks, CA  91403
Telephone:  (818) 933-5700
Facsimile:   (818) 933-5755

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION** ||
| IN RE<br><br>Louise Perri Fulchiero<br><br><br><br>DEBTOR | CHAPTER 13<br>CASE NO. SV15-12982-MT<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN; DECLARATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION**<br><br>DATE/TIME: December 15, 2015   9:30 am<br>21041 Burbank Blvd.<br>**Courtroom 302**<br>Woodland Hills, CA  91367-1367 |

The Trustee objects to confirmation of the plan because all requirements for confirmation as set forth in Title 11 of the United States Code and the Rules have not been met.

The Trustee requests, should all requirements not be met, that confirmation of the plan be denied, the case be dismissed or converted to Chapter 7 and for such other relief as the Court may deem appropriate.

**THE FAILURE OF THE DEBTOR (OR THE ATTORNEY FOR THE DEBTOR) TO APPEAR AT THE CONFIRMATION HEARING, OR TO FULLY COMPLY WITH ALL REQUIREMENTS FOR PLAN CONFIRMATION, MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.**

DATED: November 09, 2015                                                                       /s/  Elizabeth F. Rojas

**I, Elizabeth F. Rojas, declare as follows:**

1. I am the Trustee in this matter, Louise Perri Fulchiero, SV15-12982-MT, and I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed plan because of the deficiencies set forth in the attached which is incorporated herein by reference.  These deficiencies existed prior to or at the time of the 11 USC §341(a) meeting in this matter.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sherman Oaks, California on November 09, 2015.              /s/  Elizabeth F. Rojas

I oppose plan confirmation because the **Debtor has failed to**:

☐ schedule debts within the limits of 11 USC §109(e); and therefore **ineligible**; and/or Debtor is not eligible to be a Chapter 13 Debtor as follows:

☐ **disclose** [11 USC §521, LBR 1017-1(b)]
　　☐ assets　☐ creditors　☐ income　☐ prior case

☒ **serve all** creditors with notice and the Plan at least 28 days before the 11 USC §341(a) Meeting of Creditors, FRBPs 2002(b), 7004 and LBR 3015-1(b)(3);
　- **Trustee not served with hearing notice**
　- **Notice of hearings, Form 3015-1.02 not filed or served with copy of plan attached**

☒ provide the Trustee **documentation of all income** (as well as any contributor's income) seven days before the §341(a) Meeting of Creditors. LBR 3015-1(c)(3), 11 USC § 521;
　- **2013 Tax Return**
　- **2014 Tax Return**
　- **Short form business report**
　- **2015 Year-to-Date Income/Expense**
　- **2014 Year-to-Date Income/Expense**
　- **6 months bank statements, complete for all accts**

☒ meet the **business reporting requirements** regarding Debtor's business or self-employment, LBR 3015-1(c)(4);
　- **2013 Tax Return**
　- **2014 Tax Return**
　- **Short form business report**
　- **2015 Year-to-Date Income/Expense**
　- **2014 Year-to-Date Income/Expense**
　- **6 months bank statements, complete for all accts**

☒ provide to the Trustee completed copies of the Federal and State **income tax returns**, 11 USC §§ 1308 and 521, LBR 3015-1(c)(3).
　- **2013 Tax Return**
　- **2014 Tax Return**

☒ propose a plan that is feasible 11 USC § 1325(a)(6); the plan is **infeasible** because
　☐ certain claims are not included and/or the amount provided is insufficient

| Creditor | Acct # | Class | Claim | Plan | Notes |
|---|---|---|---|---|---|
| American Credit ($0) | 1250 | 3/S | $24,636 | $0 | no prov'n |
| Santander ($543) | 8475 | 3/S | $6,350 | $0 | no prov'n |
| Carmax ($0) | 78RP | 3/S | $27,457 | $0 | no prov'n |

　☐ income is not sufficient enough to fund it

　☐ plan payment will not retire debt within term

[X] the plan does not propose treatment and/or properly treat all scheduled, priority and/or secured creditors; and/or plan deficiencies as follows:
 - **class 1 and 2 payments incorrect**
 - **What is the basis for claimed homestead exemption?**
 - **Secured and/or Priority creditor(s), listed on schedules, not treated in plan: American Credit, Santander**

[X] propose a plan that represents the Debtor's **best effort** 11 USC §1322; 11 USC §1325
 - **What is the basis for claimed homestead exemption?**
 - **Debtor has Surplus income per schedules: $500 vs. $421.80 plan payment**
 - **Debtor using 704.070 to exempt bank accounts and/or cash, provide evidence that funds qualify for the exemption**
 - **Joint debtor/spouse income not disclosed**

   [X] unreasonable and/or unnecessary expenses are scheduled
    - **Issues as stated if plan is less than 100% must remain 100% due to best efforts**
    - **Car(s) pay out prior to plan completion: 01/17 w/ Santander @ 430/mo; 11/19 w/ American Credit @ $500/mo**
    - **Car payments are unreasonable/unnecessary household of 1 with 3 car payments**

   [ ] the budget surplus exceeds the monthly plan payment

   [X] comply with the Means Test as required by the Code, In re Kagenveama, 541 F3d 868, and/or In re Lanning, 1330 S.Ct.2464
    - **Errors: must use gross business income to determine line #15 figure Household size incorrect**
    - **Applies-committment period must be 60 months**

[X] propose a plan that provides creditors as much as would be received under **Chapter 7** 11 USC §1325(a)(4).
 - **Fair market value of real property greater than scheduled value: $417,350 FMV vs. $300,000 scheduled ($130,312 non-exempt equity after $100,000 exemption taken)**

[X] other issues as stated below:
 - **Trustee to request interlineations that all tax returns be submitted to the Trustee; all tax refunds to be submitted into the plan and the Debtor will not incur debt greater than $500 without Court permission.**
 - **Amend Sch.D for CarMax loan [claim filed]**
 - **Domestic support declaration/4 year tax declaration not filed**
 - **Debtor exceeds allowed homestead**
 - **Amend SFA #4 for information re lawsuit**
 - **Amend SFA #18 for business/self employment information w/begin and end dates**

# PROOF OF SERVICE

In Re:  Louise Perri Fulchiero
Case No. SV15-12982-MT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

    Elizabeth F. Rojas
    15260 Ventura Blvd.
    Suite 710
    Sherman Oaks, CA  91403

The foregoing document described as **TRUSTEE'S OBJECTION TO CONFIRMATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION** will be served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

On November 09, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitues a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Louise Perri Fulchiero
17165 Horace Street
Granda Hills, CA  91344

Lee M Linson
Law Offices of Lee Linson
11901 Santa Monica Blvd Ste 449
Los Angeles, CA  90025

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 09, 2015

/s/  Roderick Mathieson