Victor J. Otten (SBN 165800)
vic@ottenlawpc.com
OTTEN LAW, PC
3620 Pacific Coast Hwy #100
Torrance, California 90505
Phone: (310) 378-8533
Fax: (310) 347-4225

Attorneys for Creditor

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: Louise Perri Fulchiero, an individual, Debtor. | **CASE NO. Bk. No. 1:15-bk-12982-MT** <br> **CHAPTER 13** <br> **ADV. CASE NO:** _ <br><br> **COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523(a)(2)(A), U.S.C. §523(a)(4) AND §523(a)(6) AND DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A) AND 11 U.S.C. § 727(a)(4)(B)** |
| Frank S. Perri, Jr. an individual; <br><br> Plaintiff/Creditor <br><br> vs. <br><br> Louise T. Perri-Fulchiero, an individual; and DOES 1-100. <br><br> Defendants/Debtor | **[DEMAND FOR JURY TRIAL]** |

COMES NOW Creditor and alleges as follows:

## I.

## INTRODUCTION

1. The matter is a core proceeding pursuant to 28 U.S.C. §157. Debtor and Creditor were Co-trustees for a house that was the subject of a trust. Debtor was to pay Creditor one half of the proceeds from the sale of the house per the subject trust's provisions and a separate written agreement between Debtor and Creditor. Debtor, acting as the successor trustee of the subject trust, placed liens on the house and ultimately sold or disposed of the subject house, and the contents thereof, for approximately one million dollars. Debtor failed to pay petitioner any

---

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

amount from the sale, and failed to pay petitioner an amount equal to one-half of the net proceeds from the sale of the house, and/or the contents thereof, and failed to give any accounting to Creditor. Debtor failed to even notify Creditor of the subject house's sale, thereby giving herself more time to conceal the proceeds of the sale and to conceal her own new address from Creditor, to make any recovery by Creditor more difficult, and with the intent of preventing Creditor from ever receiving any of the proceeds from the sale of the trust's assets.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California. This adversary proceeding relates to the Chapter 13 case of Louise Perri Fulchiero, Case No. 1:15-bk-12982-MT, now pending in the United States Bankruptcy Court for the Central District of California. The matter is a core proceeding pursuant to 28 U.S.C. §157.

3. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

## III.

## PARTIES

4. Creditor is one of a total of two (2) beneficiaries under a trust created by Creditor's father: Frank S. Perri, Senior, (deceased), on or about November 3, 2010, (referred to hereinafter as the "subject trust"). Creditor is, or was, also one of two co-trustees of the subject trust. Creditor's usual place of business address is: South Bay Mercedes, 3311 Pacific Coast Highway, Torrance, CA 90505.

5. Defendant, (LOUISE T. PERRI-FULCHIERO), is the other co-trustee of the subject trust, (and Creditor's sister). She has acted as the successor trustee, and she is the other beneficiary of the subject trust. Her current address is unknown to Creditor.

---

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1

## IV.

## STATEMENT OF FACTS

6. A house, commonly known as 4412 Motor Avenue, Culver City, CA 90232, (referred to hereinafter as the "subject house"), was held by the trust, until sale of the subject house by LOUISE T. PERRI-FULCHIERO, on or about 4-14-14. The sale was documented by a Grant Deed. LOUISE T. PERRI-FULCHIERO signed that Grant Deed, "as successor trustee".

7. The subject trust's provisions provided that Creditor would receive one-half of the trust's assets, upon the death of the settlor. Also, a written instrument, dated 10-12-12, signed by LOUISE T. PERRI-FULCHIERO, contained a provision stating that FRANK S. PERRI, JR. would be paid one-half of the proceeds from the sale of the subject house, upon the sale of the subject house by LOUISE T. PERRI-FULCHIERO. Creditor alleges that this writing constituted an agreement, made by LOUISE T. PERRI-FULCHIERO, to pay one-half the proceeds from the sale of the subject house to Creditor, and that LOUISE T. PERRI-FULCHIERO was a trustee of all the money received from said sale, including the money due to Creditor. Creditor alleges that this agreement, and the status of LOUISE T. PERRI-FULCHIERO, as a trustee, only allowed LOUISE T. PERRI-FULCHIERO to pay off a mortgage lien, existing at the time of the agreement, ($164,500), and pay any then existing bills or money needed for construction repairs/ replacements to accomplish the sale. Creditor alleges that defendant could not lawfully place more liens on the subject house, not needed for construction repairs or required replacements or upgrades to the subject house, and then fail to pay one-half the proceeds from said liens to petitioner. Creditor alleges that he received this above described written instrument, dated 10-12-12, at the same time as he gave documents, signed by Creditor, to LOUISE T. PERRI-FULCHIERO, that allowed LOUISE T. PERRI-FULCHIERO to sell the subject house, and to sign the Grant Deed documenting the sale, as successor trustee.

8. LOUISE T. PERRI-FULCHIERO, acting as the successor trustee of the subject trust, placed liens on the house and ultimately sold or disposed of the subject house, and the contents thereof, for approximately one million dollars, ($1,000,000), net to the trust. After payment of

| | |
|---|---|
| 1 | the above referenced mortgage lien, and costs of sale, $1,000,000 should have been the net |
| 2 | amount received by the subject trust.   LOUISE T. PERRI-FULCHIERO, acting as successor |
| 3 | trustee of the subject trust, failed to pay petitioner any amount from the sale, and failed to pay |
| 4 | petitioner an amount equal to one-half of the net proceeds from the sale of the house, and/or the |
| 5 | contents thereof, and failed to give any accounting to Creditor. Instead of performing properly, |
| 6 | LOUISE T. PERRI-FULCHIERO, after signing the Grant Deed as successor trustee, failed to |
| 7 | even notify Creditor that the subject house had been sold, in order to give herself more time to |
| 8 | conceal the proceeds of the sale, and to conceal her own new address from Creditor, for the |
| 9 | purpose of making any recovery by Creditor more difficult, and with the intent to prevent |
| 10 | Creditor from ever receiving any of the proceeds from the sale of the trust's assets. |
| 11 | 9. On or about August 29, 2014, Creditor initiated a lawsuit in California state court (Case |
| 12 | number YC070068 in Los Angeles County, Southwest Judicial District) against Debtor. On or |
| 13 | about September 16, 2014, Creditor in the state proceeding filed a Notice of Pendency of Action |
| 14 | (Lis Pendens) on property described as Assessors Parcel Number 0239-894-15-0-000, commonly |
| 15 | known as 4045 Black Cottenwood Way, San Bernadino, CA, 92407. Despite knowledge of the |
| 16 | state lawsuit and Creditor's claims, Debtor and her attorney failed to list Creditor or state lawsuit |
| 17 | in papers submitted under penalty of perjury in the Bankruptcy proceeding. |
| 18 | 10. Due to lack of any accounting by the trustee, the exact amount received by the trust, from |
| 19 | the sale of trust assets, is unknown. Creditor may seek to amend when the exact amount becomes |
| 20 | known. |
| 21 | 11. The true names and capacities of defendants named as DOES 1 - 100 are unknown to |
| 22 | Creditor, and therefore, said defendants are sued by such fictitious names. Creditor may amend if |
| 23 | the true names of said defendants become known. Creditor alleges that all defendants were acting |
| 24 | as the agents of each other, and within the course and scope of their agency. |

**FIRST CLAIM FOR RELIEF**

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Accounting)**

12. Creditor incorporates paragraphs 1-7 as though fully set forth herein. Creditor alleges that Creditor is entitled to an order against LOUISE T.PERRI-FULCHIERO for an accounting of the transactions concerning the trust's assets, by LOUISE T. PERRI-FULCHIERO, while she was acting as successor trustee of the trust.

13. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A),11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

### SECOND CLAIM FOR RELIEF
**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Breach of Fiduciary Duty)**

14. Creditor incorporates paragraphs 1-9 as though fully set forth herein.

15. Creditor alleges that LOUISE T. PERRI-FULCHIERO had a duty to pay one-half of the net proceeds from the sale of the trust's assets, and from liens placed against the subject house title, to petitioner, upon the sale or refinancing of the subject house, and to give Creditor an accounting upon distribution of the trust's assets.

16. Creditor alleges that LOUISE T. PERRI-FULCHIERO failed to pay Creditor one-half of the net proceeds, or what should have been the net proceeds, in the amount of $500,000, upon sale of the trust's assets by LOUISE T. PERRI-FULCHIERO, as successor trustee, or to give any accounting to Creditor, and that Creditor is entitled to an order to compel the LOUISE T. PERRI-FULCHIERO to redress said breach of trust by payment of one-half the proceeds from the subject house, and the contents thereof, with only an offset for the one lien of about $150,000, and normal costs of sale, plus petitioner's attorney fees, according to proof, plus $250,000 in exemplary/ punitive damages, based upon defendant's breach of fiduciary duty and active, willful, and wanton concealment.

17. Petitioner alleges that defendants named as DOES 6-10, and each of them, participated in, and/or knowingly assisted the defendant trustee in, the breach of fiduciary duty.

18. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

## THIRD CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Breach of Contract)**

19. Creditor incorporates paragraphs 1-7, and 11-12, as though fully set forth herein. Creditor alleges that LOUISE T. PERRI-FULCHIERO, and DOES 11-15, breached the contract, signed 10-12-12, by failing to pay one-half the proceeds from the sale of the subject house to Creditor.

20. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

## FOURTH CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Fraud)**

21. Creditor incorporates paragraphs 1-7 as though fully set forth herein.

22. Creditor alleges that at the time LOUISE T. PERRI-FULCHIERO signed the writing dated 10-12-12, agreeing to pay half the proceeds from the sale of the house to Creditor, defendant concealed the fact that she did not intend to actually perform said contract. Creditor relied upon said misrepresentation by allowing LOUISE T. PERRI-FULCHIERO to act as successor trustee, and by signing documents as necessary to allow LOUISE T. PERRI-FULCHIERO to act as successor trustee of the subject trust, which subject trust held title to the subject house, and to sell the subject house. As a proximate cause of said misrepresentation, petitioner suffered damages by the failure of LOUISE T. PERRI-FULCHIERO to pay Creditor one-half the net proceeds, in the amount of $500,000 from the sale of the subject house, and the contents thereof. Creditor alleges that said fraud was knowing, willful, and despicable conduct by a trustee, entitling Creditor to punitive damages, in the amount of $250,000.

23. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

## FIFTH CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A); 11**

U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Conversion)

24. Creditor incorporates paragraphs 1-7 as though fully set forth herein.

25. Creditor alleges that defendant, as a trustee, misappropriated Creditor's share in the subject house, and the share of the net proceeds from the sale of assets of the trust, including the sale of the subject house, which money was entrusted to defendant for the Creditor, who had a possessory interest in the $500,000, which Creditor alleges was one-half the net proceeds from tile sale of the house, and its contents. Defendant accepted the $500,000, possibly through obtaining loans on the subject house, which was to be paid to Creditor, and failed to make the required one-half payment to Creditor. Creditor alleges that defendant's actions constituting a breach of defendant's fiduciary duties were willful, and done knowingly, and that said actions were therefore despicable, entitling Creditor to punitive damages, in the amount of $250,000.

26. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

### SIXTH CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Appointment of Receiver to Replace Trustee)**

27. Creditor incorporates paragraphs 1-7 as though fully set forth herein.

28. Creditor alleges that it is appropriate to appoint a receiver to replace the defendant/trustee, and that defendant is not entitled to any fees for acting as trustee.

29. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

### SEVENTH CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A); 11 U.S.C. § 523(a)(4); 11 U.S.C. §523(a)(6)/Imposition of Equitable Lien or Constructive Trust)**

30. Creditor incorporates paragraphs 1-7 as though fully set forth herein.

31. Creditor alleges that an equitable lien or a constructive trust should be imposed upon any trust property and any property which can be traced to trust property which has been wrongfully

disposed of, including property disposed of by lien or mortgage, and that said traceable property should be recovered, or its proceeds, and paid to Creditor.

32. Creditor is entitled to have its debt determined non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

### EIGHTH CLAIM FOR RELIEF

**(Determination that debt is Non-Dischargeable Pursuant to 11 U.S.C. § 727(a)(4)(A) AND 11 U.S.C. § 727(a)(4)(B)/False Oath or False Claim)**

33. Creditor incorporates paragraphs 1-7 as though fully set forth herein.

34. Creditor alleges that the entire bankruptcy discharge be denied and any property which can be traced to trust property which has been wrongfully disposed of, including property disposed of by lien or mortgage, and that said traceable property should be recovered, or its proceeds, and paid to Creditor due to Debtor and her attorney's failure to list Creditor or state lawsuit in papers submitted under penalty of perjury in the Bankruptcy proceeding.

35. Creditor is entitled to denial of the entire bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(4)(A) AND 11 U.S.C. § 727(a)(4)(B).

### PRAYER

WHEREFORE, creditor prays for judgment against Debtors, and each of them, as follows:

1. For an accounting of all money and property obtained by defendant, LOUISE T. PERRI-FULCHIERO, and DOES 1-5, from 10-12-12 to the present.

2. For a judgment against defendant LOUISE T. PERRI-FULCHIERO, and DOES 6-10, for $500,000, as one-half the proceeds of the sale or other disposition(s) of trust property, including, but not limited to, the proceeds of mortgages, liens, or similar, voluntary or involuntary encumbrances, placed on the property by, or because of, defendant LOUISE T. PERRI-FULCHIERO, and/or DOES 6-10. Also, for a judgment against LOUISE T. PERRI-FULCHIERO, and DOES 6-10, for attorney fees incurred by plaintiff, and punitive/exemplary damages, of $250,000, as a result of the knowing, despicable and willful breach of fiduciary duty, fraud, embezzlement, and conversion, by LOUISE T. PERRI- FULCHIERO, as a trustee. For

---

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

7

1 the appointment of a receiver to replace defendant LOUISE T. PERRI-FULCHIERO, as trustee, and/ or, for an order terminating the status of LOUISE T. PERRI-FULCHIERO, as a trustee. For the imposition of an equitable lien and/or a constructive trust over any property of the subject trust, or over any property which can be traced back to any of the proceeds of property of the subject trust

3. For attorney fees and costs.

4. For such further relief as the Court deems just.

5. Denying the entire bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(4)(a) AND 11 U.S.C. § 727(a)(4)(b).

6. Determining that the debt to Creditor is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6).

**DEMAND FOR JURY TRIAL**

Creditor hereby demands trial by jury in this action.

Date: January 4, 2016

OTTEN LAW, PC

Victor J. Otten, Esq.
Attorney for CREDITOR

---

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

8